*392 The opinion of the court was delivered by
Valentine, J,:
The plaintiff in this action, Thompson Trosper, claimed damages on account of the location and establishment of a county road across his land, in Saline county. As no damages were allowed him by the board of county commissioners of Saline county, he appealed to the district court, and the question as to whether he was entitled to any damages- or not was tried by the court and a jury, and the jury found a general verdict in favor of the board of county commissioners, and against the plaintiff; and also made special findings of fact, as follows:
“ 1. How many acres of land of the plaintiff are appropriated for this road ? A. About five acres.
“2. What damage is allowed the plaintiff for the land appropriated? A. Forty dollars.
“ 3. What damage is done to plaintiff’s farm by reason of the road cutting the pasture land from the creek? A. None.
“4. In what way, if any, is plaintiff’s land specially benefited by the road, and what is the value of such benefit?' A. Increased value of land by location of said road, to the amount of fifty dollars, caused by increased facilities for-traveling to and from the farm.”
The plaintiff then moved for a new trial, upon the grounds-—“First, the verdict is contrary to the weight of the evidence;, second, the verdict is contrary to law.”
The court below overruled the motion, and then the plaintiff made a motion for judgment in his favor for the sum of $40, upon the special findings of the jury, notwithstanding the general verdict. This motion was also overruled by the court below. The court below then rendered judgment upon the general verdict and special findings in favor of the defendant, the board of county commissioners, and against the plaintiff, for costs; and the plaintiff, as plaintiff in error, now brings the ease to this court for review.
We do not think that any error was committed by the court below. The evidence seems to be sufficient to sustain the verdict and the special findings of the jury; and neither *393 the verdict nor the special findings are contrary to law; and upon the general verdict and special findings we think the court below rendered the proper judgment. It is true, that the jury found that the damage done to the plaintiff by-reason of the appropriation of his land for a road was $40; but they also found that the benefits he received by reason of the location of the road upon his land amounted to $50; and, this being the case, we do not think that the plaintiff' was entitled to judgment. It has been uniformly held in this state, that where the location of a public road through land increases its value, and it is not shown that such increased valué applies to other lands in the same vicinity-, nor that it is in common with the rest of the public; and where it also appears that such increased value is the direct and special result of the location of the road through this particular piece of land, such increased value is a proper subject of set-off to reduce the damages sustained byr the landowner. (Comm’rs of Pottawatomie Co. v. O'Sullivan, 17 Kas. 58; Tobie v. Comm’rs of Brown Co., 20 Kas. 14; Roberts v. Comm’rs of Brown Co., 21 Kas. 247.)
Of course, an increased value of land which applies to all the other lands in the same vicinity, oran increased value of land founded merely upon increased facilities for travel and transportation by the public in general, is not the kind of increased value which may be taken into consideration for the purpose of reducing the damages to be awarded to the land-owner. The only kind of increased value which can be taken into consideration in reducing the damages to be awarded to the land-owner, is such asís direct and special, as as to him and his land. The jury in the present case find that the plaintiff’s land was increased in value to the amount of $50, because of increased facilities for travel to and from the same. Now was this increased value general, or special? Was it common to the entire public, or was it special as to the plaintiff? Was it something that the people in general enjoyed, or was it something that applied particularly to the plaintiff and to his land? We think the answer to these *394 questions must be that it was something which applied directly, and specially, and particularly to the plaintiff himself and to his land, and not to the public in general. This court has uniformly held that the right of the owner of a piece of land to have ingress to and egress from his land over a public highway, is a right or interest special to the owner of the land. (Venard v. Cross, 8 Kas. 248; C. B. U. P. Rld. v. Twine, 23 Kas. 585; C. B. U. P. Rld. Co. v. Andrews, 26 Kas. 702.)
The right of a person to pass from his land immediately into a public highway, or to pass from a public highway immediately upon his land, is something valuable, and is certainly something special to him. It is true, that when he passes from his land into the public highway, then his right to travel upon the public highway is a right and a benefit which he enjoys merely in common with all the rest,of the community; and for this right and benefit, whether valuable or not, nothing should be deducted from his damages. But the fight to pass from his laud directly into the highway, with the value of such right, whatever it may be, is a special right and benefit to him, and the value of such right and benefit may be deducted from the special damages which he has sustained by reason of the establishing of the highway. In the present casé, where the jury found that the benefit to the plaintiff was |50, they found that it was for the increased facility of traveling to and from his farm. The jury do not find any increased value of the land, or any benefit to the plaintiff of any kind, because of his right to travel on the road after he has once entered upon it. It is simply that benefit which he derives from having his land situated directly upon a public highway, so that he can pass directly from one to the other; so that he can have free and unobstructed ingress to and egress from ,his' farm. In the case of Roberts v. The Commissioners of Brown County, ante, it was shown that the road was of no benefit to the owner of the land for the purpose of ingress and egress. He had the benefit of other roads, and never used or traveled upon the road in question; and it was because the court in *395 that case permitted the jury to reduce the plaintiff’s damages, not only because of special benefits to the plaintiff, but also because of supposed benefits resulting from increased facilities for travel and transportation by the public in general, and other supposed benefits of a general character enjoyed by the plaintiff, in common with the public in general, that the judgment of the court below in that case was reversed.
We think the judgment of the court below in the present case is correct-, and it will therefore be affirmed.
All the Justices concurring.