The Amusement Syndicate Company v. The City of Topeka *et al.*

No. 12,875. (74 Pac. 606.)

Error from Shawnee district court; Z. T. Hazen, judge. Opinion filed December 12, 1903. Affirmed.

*Garver & Larimer,* and *G. C. Clemens,* for plaintiff in error.

*Charles F. Spencer, W. C. Ralston,* and *Loomis, Blair & Scandrett,* for defendants in error.

*Per Curiam:* This was an action by the Amusement Syndicate Company to enjoin the city of Topeka and its mayor and council from permitting the city building, in which there is a large auditorium, from being used for public entertainments for profit.

Plaintiff alleged that it was a corporation owning an opera-house in Topeka; that it was organized for the purpose of giving public entertainments for profit, and that it contributes large sums of money in the payment of state, county and city taxes. It also alleged that the city of Topeka erected with public funds a large city building, used in part for municipal purposes in making provision for city offices, a fire department, and other public purposes; that in the building is a large auditorium, furnished so as to seat 4500 persons, with a large stage, suitable for political conventions, lectures, addresses, and like gatherings; that the city officers have wrongfully allowed and authorized the holding of entertainments for private profit in this building, and were arranging and contemplating the giving of other entertainments at fixed charges; that this course had greatly interfered with plaintiff's business and the profits derived therefrom, and that its continuation will work irreparable injury to it.

We cannot decide the principal questions discussed here,

51—68 KAN.

for the reason that the action is brought by one who has no right to challenge and correct the administration of purely public affairs. The plaintiff is alleged to be a large taxpayer, it is true, but it has been repeatedly held that a private party cannot maintain an action against public officers, where the acts complained of affect merely the interests of the public generally. Before a private party can be allowed to maintain an action to challenge the conduct of public business, he must allege an interest personal and peculiar to himself that is not shared by and which does not affect the general public. Assuming it to be true that the city is using its building in a manner not warranted by law, it affects the plaintiff only as it does others having halls and buildings in which entertainments may be held. As was said in *Comm'rs of Barber Co. v. Smith*, 48 Kan. 331, 333, 29 Pac. 565, "It is not enough that his damages are greater than those sustained by the general public, thus differing only in degree, but they must be different in kind."

Plaintiff refers to *Spencer v. School District*, 15 Kan. 259, 22 Am. Rep. 268, where an action by a private person was maintained to enjoin the use of a schoolhouse for other than school purposes; but in that case, which may be termed a border one, the action was maintained because of the destuction of plaintiff's own personal and private property, which was in the schoolhouse, namely, the books, slates, pens, in kstands, etc., that were wasted and destroyed by the misuse of the building. Here no such reason exists, and the fact that the continuance of the wrong affecting other members of the community interferes with plaintiff's business in a greater degree than with that of the others gives it no right to complain. If, as has been suggested in the argument, a county having a poor-farm should grow thereon more than enough to supply the wants of the inmates and should sell the surplus, it would hardly be contended that every farmer in the county who might be slightly affected by the competition would have a right to institute an action to enjoin the county and its officers from cultivating the farm and selling the surplus products.

All of the cases, from *Craft v. Jackson County*, 5 Kan. 518, down to the latest decision on the question, argue against the right of plaintiff to maintain this proceeding. In *Mining and Gas Co. v. Gas and Mining Co.*, 55 Kan. 173, 179, 40 Pac. 326, where one company was seeking to

prevent another from interfering with its monopoly of gas business, it was said:

"A private person or corporation will not be recognized in a court of justice as the guardian of purely public interests, nor to further its private ends by assuming that character."

The plaintiff having no right to maintain the action, the judgment of the trial court denying the injunction will be affirmed.