G. L. RUTHSTROM v. PETER J. PETERSON.

No. 14,359.    (83 Pac. 825.)

HIGHWAYS—*Obstruction—Injunction—Private Citizen—Special Interest.* The petition of an owner of land abutting on a public highway forty feet wide held insufficient to entitle him to an injunction to prevent the obstruction of twenty feet of the highway farthest from plaintiff's land.

Error from Riley district court; SAM KIMBLE, judge. Opinion filed December 9, 1905. Affirmed.

*Robert J. Brock,* for plaintiff in error.

*John E. Hessin,* and *John C. Hessin,* for defendant in error.

*Per Curiam:* The only question involved in this proceeding in error is whether the allegations of the plaintiff's petition show that he has such a peculiar and special interest in a public highway that he may enjoin the obstruction of one side of it. The petition must be interpreted to mean that Bellman dedicated the west twenty feet of his land to the public for a highway, and that Ruthstrom purchased of Bellman, and dedicated to the public for the same use, a twenty-foot strip of land adjoining the Bellman dedication on the east, so that a public road forty feet wide was established on the west side of Bellman's land, and along the east side of the plaintiff's land.

No legal meaning can be attached to the statement that the plaintiff dedicated his own land to his own special use, and the law does not recognize any such anomaly as a public-private or private-public highway. There is no suggestion in the petition that the suit is brought to protect any reversionary interest which the plaintiff might have in the land, if the public right to its use were extinguished by the defendant's fencing it up. Only the right to use the land as a highway is sought to be vindicated, and the only possible support

for the claim on the part of the plaintiff of a special interest in such use must be found in the fact that his land adjoins it on the west.

The only special right which an abutting owner has in a public highway is that of access to his premises. When he has passed from his land into the road his right to travel there is not different from the right enjoyed by other members of the community. (*Trosper v. Comm'rs of Saline Co.,* 27 Kan. 391.)

That an injunction will not be granted at the suit of a private citizen to protect public interests is not a subject of debate in this state. (*Amusement Co. v. Topeka,* 68 Kan. 802, 74 Pac. 606., and cases there cited.)

While there are allegations in the petition to the effect that the plaintiff is denied access to his premises by the special means of the twenty-foot strip in controversy, there is nothing to indicate that the west twenty feet of the road upon which his land in fact abuts is in any manner obstructed, or that it is not ample to meet all his requirements as an abutting landowner.

The court cannot judicially declare that a twenty-foot strip of ground is too narrow for plaintiff's use as a road to and alongside of his land. He does not allege that it is inadequate in any respect, and if in fact it is sufficient his special demands are satisfied and his interest in the east half of the road is merely that of a member of the body politic.

The judgment of the district court is affirmed.