No. 19,819.

## H. C. DRYDEN, *Appellee,* V. J. N. PURDY, *Appellant,* and THE CITY OF CHANUTE.

### SYLLABUS BY THE COURT.

PRIVATE NUISANCE—*Evidence—No Damage Peculiar to Plaintiff Shown.*
Plaintiff sought to enjoin as a private nuisance the keeping of wagons, buggies and covered cabs in front of a livery stable which adjoined his residence on the ground that the view from his front porch was thereby obstructed. *Held,* he failed to show that he suffered special damage or inconvenience different in kind from that of the public, and the action can not be maintained.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed January 8, 1916. Reversed.

*A. S. Lapham,* and *John W. Lapham,* both of Chanute, for the appellant.

*T. F. Morrison,* of Chanute, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In an action to abate a private nuisance the petition alleged that defendant maintained a livery stable in the city of Chanute adjoining plaintiff's residence. The nuisance complained of consisted in leaving buggies, covered cabs and drays in front of the stable, thereby shutting off plaintiff's view of Main street. The court held that plaintiff could maintain the action, that obstructing the view of Main street from plaintiff's residence created an annoyance and inconvenience to plaintiff not suffered by the general public. The relief asked was granted and the defendant appeals.

The only question for determination, which was raised by a demurrer to the petition and to the evidence, is whether the plaintiff showed some special damage or inconvenience suffered by him beyond that suffered by the general public.

The general rule is that individuals are not entitled to redress against a public nuisance except by express statutory authority, and in determining what constitutes a private nuisance the rule is well established that the individual must show some damage, inconvenience, or annoyance peculiar to himself

and different from that suffered by the public. There has been, however, much conflict and "some vacillation in judicial opinion as to what injuries were special within the meaning of this rule." (*Mehrhof v. Del., L. & W. R. R. Co.*, 51 N. J. Law, 56, 57, 16 Atl. 12.) This court has quite uniformly held that it is not enough for the individual to show that he suffers to a greater extent than the public if it appears that the injury or damage is of the same nature. An obstruction in a highway which interferes more or less with the public travel but which deprives a landowner of access to and egress from his property has been held to constitute a private nuisance which the individual may enjoin. (*Venard v. Cross*, 8 Kan. 248, 255.) Cases will be found, also, which hold that where the individual shows that he sustains the same injury but to a greater extent than the public at large he has established the right to redress the wrong because his injury in such case is necessarily special and peculiar to himself. (*Carver v. San Pedro, L. A. & S. L. R. Co.*, 151 Fed. 334.) That doctrine, however, has never received recognition in this state. The rule uniformly adhered to in Kansas is well stated in the case of *School District v. Neil*, 36 Kan. 617, 14 Pac. 253:

"If the loss of the plaintiff is simply greater damage of the same kind as that sustained by the rest of the community, such fact will not be sufficient to constitute a cause of action in favor of the party complaining. The loss to the public consists in the inconvenience in, or the obstruction to, the use of the highway for travel, differing in degree but not in kind, according to the frequency of use which proximity of residence or peculiarity of occupation may impose. For this no individual can sue, but must resort to such public actions as are given by law." (p. 619.)

To the same effect see *Venard v. Cross*, supra; *Trosper v. Comm'rs of Saline Co.*, 27 Kan. 391; *Ruthstrom v. Peterson*, 72 Kan. 679, 83 Pac. 825, and *Borton v. Mangus*, 93 Kan. 719, 720, 145 Pac. 835.

In our opinion the plaintiff has failed to bring himself within the rule so frequently declared in former decisions, and has not succeeded in showing that he sustains any peculiar injury or damage different from that suffered by the public; that the most that can be said is that he suffers to a greater extent the same kind of annoyance as does the public at large. It seems apparent that the view of other persons residing on the same side of the street must have been obstructed in the same

way though probably not to the same extent as that of the plaintiff.

If the judgment can be sustained, then other suits of the same kind by persons suffering to a less extent the same annoyance could be successfully prosecuted. The avoidance of a multiplicity of actions was one of the reasons for the adoption of the rule denying to private individuals the right to maintain a suit to enjoin a nuisance which is public in its nature.

The judgment must be reversed with direction to enter judgment for the defendant.