No. 21,460.

C. W. WINBIGLER, *Appellant,* v. JOHN CLIFT, *Appellee,*

No. 21,461.

THE STATE, ex rel. VERNON DAY, as County Attorney, etc., *Appellee,* v. JOHN CLIFT, *Appellant,*

SYLLABUS BY THE COURT.

1. NUISANCE—*May be Both Private and Public.* A business may be conducted under conditions which will constitute it a private as well as a public nuisance.

2. SAME—*Petition to Abate Private Nuisance—Stated Cause of Action.* On the facts stated in the opinion it was error to sustain a demurrer to the petition in a suit brought by an individual to enjoin the keeping of a horse and mule market in close proximity to his residence.

3. SAME—*Public Nuisance Shown by the Evidence.* In an action by the state on the relation of the county attorney, it is held that the evidence was sufficient to justify a finding that a horse and mule market conducted by the defendant constituted a public nuisance.

Appeals from Harper district court; GEORGE L. HAY judge. Opinion filed April 6, 1918.

No. 21,460 reversed. *E. C. Wilcox,* and *Donald Muir,* both of Anthony, for the appellant.

*George E. McMahon,* of Anthony, for the appellee; *Don F. Reed,* of Harper, of counsel.

No. 21,461 affirmed. *Don F. Reed,* of Harper, and *George E. McMahon,* of Anthony, for the appellant.

*Vernon Day,* county attorney, for the appellee; *E. C. Wilcox,* and *Donald Muir,* both of Anthony, of counsel.

The opinion of the court was delivered by

PORTER, J.: These cases involve substantially the same facts and have been submitted together. In the first, Dr. C. W. Winbigler seeks to enjoin as a private nuisance the maintenance of a horse and mule market across the street from his residence in the city of Harper. The court sustained a demurrer to his petition, and he appeals. The second suit was brought by the state, on the relation of the county attorney, to enjoin the defendant from maintaining the place, on the ground that it constitutes a public nuisance. The court found against the defendant and ordered the nuisance abated, from which judgment he appeals.

The petition of Dr. Winbigler, to which the court sustained a demurrer, alleges that he owns and resides in a dwelling house on three lots in the city of Harper, situated in one of the desirable residence districts; that the defendant is. the owner of a half block immediately east of the plaintiff's residence, separated by a street sixty feet wide, upon which the defendant maintains a horse and mule market; that for several months he has maintained a corral or pen extending to the street in the direction of the plaintiff's residence, in which he keeps and feeds from 50 to 150 horses and mules, permitting them to remain there for such a length of time that manure and filth accumulate in great quantities, causing a noxious

stench to permeate plaintiff's dwelling, injuring the health of the plaintiff and his family and depriving them of the comforts of his home; that the filth attracts large swarms of flies, which infest plaintiff's home; and that the horses and mules are visible from the living room of the plaintiff's residence and are constantly indulging in unsightly practices, by reason of which plaintiff's home is rendered almost uninhabitable.

The demurrer was sustained solely upon the ground that the petition shows a public nuisance, and that the plaintiff has no right to maintain a suit to abate it. The principal case relied upon in support of the ruling is *Jones v. Chanute,* 63 Kan. 243, 65 Pac. 243, which was an action to abate a nuisance caused by filth flowing from a hotel into an open sewer, and where it was held that owners of property along the sewer could not maintain an injunction. A more recent case relied upon by defendant is *Dryden v. Purdy,* 97 Kan. 59, 154 Pac. 221, where the plaintiff sought to enjoin the proprietor of a livery stable from placing buggies in the street in front of his house, his contention being that he suffered annoyance and inconvenience in a manner different from that of the general public, because the vehicles interfered with his view of the public street. It was held that he failed to show that he suffered inconvenience different in kind from that of the public, and that the action could not be maintained.

In *Venard v. Cross,* 8 Kan. 248, the opinion quotes from a note to *Ashby v. White,* 1 Smith's Leading Cases, 364, where it was said:

" 'There are cases in which the act done is a grievance to the entire community, no one of whom is injured by it more than another in the *kind* of injury, though one may be much more injured than another in *degree.* In such a case, the mode of punishing the wrongdoer is by indictment, and by indictment only. Still, if any person has sustained a particular injury therefrom, beyond that of his fellow citizens (and differing in kind) he may maintain an action in respect of that particular damnification.' " (p. 255.)

Nuisances are sometimes private as well as public, and we think the nuisance complained of here was both.

"The number of the persons who are specially injured by a nuisance does not affect the right of action for such injury or make their injury identical with that of the public at large, but any of such persons may maintain an action for the nuisance; and the fact that several persons

join in a suit to abate a public nuisance does not show that each of them may not have sustained such special injury as entitles him to relief." (29 Cyc. 1213.)

In *Stotler v. Rochelle,* 83 Kan. 86, 109 Pac. 788, the plaintiff sought to enjoin the maintenance of a cancer hospital on property adjacent to her residence, and because her family was frequently subjected to the annoyance of seeing patients afflicted with the disease walking about the premises, and because there was evidence that offensive odors resulting from the disease itself, and from disinfectants used on account of it, might reach the occupants of neighboring dwellings, it was held that the plaintiff had such a peculiar interest in the relief sought as to enable her to maintain the action. It was said in the opinion:

"The injury need not extend beyond annoyance, if in view of all the facts it is unreasonable. For instance, offensive odors, although not injurious to health, have often been held to constitute sufficient ground for injunction." (p. 88.)

See, also, *State v. Lindsay,* 85 Kan. 79, 116 Pac. 207, where the court enjoined the maintenance of a private hospital for insane on the ground that the character of its inmates caused fear, and disturbed the quiet and peace of the community.

There is some conflict in the decisions upon the question, but each case depends largely upon its own facts. Broadly speaking, in order to constitute a private nuisance the individual complaining must suffer annoyance or inconvenience different in kind from that sustained by the public generally, and not merely in a different degree. In this case the petition alleged facts which, in our opinion, showed the existence of a private nuisance, as well as one that might upon the same facts constitute a public nuisance. By reason of the close proximity of plaintiff's residence to the place where the defendant carried on the business in the manner alleged in the petition, not only the health of plaintiff and his family was endangered, but unbearable conditions were shown, which must naturally have caused the plaintiff's family to suffer annoyance differing not alone in degree, but in character, from that sustained by the public generally. The petition stated a cause of action, and it was error to sustain the demurrer.

In the case brought by the state on the relation of the county attorney, the court made findings of fact. No good purpose would be served by setting out the findings in full. The court

finds the conditions to be practically the same as those alleged in the petition in the case brought by Doctor Winbigler, and finds that a large number of people residing in the vicinity are injuriously affected by the maintenance of the corral, and that the stench arising therefrom is distributed over the neighborhood. The findings show there are no residences on the east half of the block in which defendant's business is conducted; but that immediately west of his property there are four residences, including that of Doctor Winbigler; and in the block north of that there are four others. The findings show that the conditions resulting from the manner in which defendant's business is carried on constitute a public nuisance. There was abundant evidence to sustain the findings. As already observed, notwithstanding the fact that a business may be conducted in a manner so that it constitutes a private nuisance to one or more individuals, it may at the same time constitute a public nuisance.

The defendant objected to the introduction of an affidavit made by Doctor Hays, county health officer, which was intended for use in the Winbigler case. Doctor Hays was confined to his house with sickness at the time the affidavit was made, and died before the case brought by the county attorney was tried. While not taken for use in this particular case, it related to the facts about which the court was investigating, and was used on the motion for a temporary injunction, where affidavits are competent. We do not regard the matter as of much importance, for the reason that the case was tried by the court, and there was sufficient evidence aside from the affidavit to support the findings and judgment. It is claimed the court erred in allowing the probate judge to testify in rebuttal and state the testimony given by the defendant on the hearing for a temporary restraining order in the other case. The testimony which the defendant gave in the other case was competent against him as showing declarations or admissions against interest; and besides, the testimony of the probate judge which related to the number of mules kept at the place was largely cumulative.

Before the court announced its decision, the defendant requested additional findings and submitted a number of special interrogatories, asking the court to answer them. Of course,

the court was not required to answer special interrogatories. (*Lumber Co. v. Russell*, 93 Kan. 521, 144 Pac. 819.) The findings made were· very full and complete, and the refusal to state the additional findings could not have been prejudicial to defendant.

In the Winbigler case the judgment is reversed, and the cause is remanded with directions to overrule the demurrer. The judgment in the case brought by the state is affirmed.