STATE ex rel. BABCOCK et al., Respondents, *v.* LENSMAN
et al., Appellants.

(No. 7,951.)

(Submitted January 8, 1940.  Decided February 2, 1940.)

[99 Pac. (2d) 492.]

*Messrs. Grubb & Rockwood,* for Appellants, submitted a brief; *Mr. Forrest C. Rockwood* argued the cause orally.

*Mr. Lloyd I. Wallace,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

An action was brought by the relators in the district court of Lake county to enjoin the defendants G. A. Lensman, P. F. Hern and L. J. Marion, as the board of county commissioners of Lake county, and defendants George E. Sipes and Bessie Sipes, from closing a certain road crossing land belonging to the Sipes. Trial was had before the court sitting without a jury, and a temporary injunction, issued at the time the complaint was filed, was in the judgment of the court made permanent. The appeal is from the judgment.

The errors specified concern alleged error in the findings made by the court, conclusions of law adopted, and in its refusal to make findings submitted by the defendants, and to adopt the conclusions of law offered by defendants. Error is also based on insufficiency of the evidence.

The court in its findings found that the road in question existed as a public highway and granted the relief sought by the relators. It is only necessary to consider one question here, and that concerns the right of relators to maintain the action to enjoin the obstruction of the road in question.

In this action private individuals are seeking to enjoin the ▮ obstruction of a road which the complaint charges is a public highway. In order to maintain such a suit the relators must show that they have sustained special damage, different in kind from that suffered by the public at large. (29 C. J. 627.) The relators, to establish this special damage, seek to prove that the only reasonable means of egress from and ingress to their land is by the road obstructed.

Montana has adopted the rule announced by Corpus Juris, in the case of *State ex rel. Dansie* v. *Nolan,* 58 Mont. 167, 191 Pac. 150, 152, in the following language: ''It is urged that the wrong,

if any, was to the general public, and that relator is not entitled to maintain this action. It would seem, however, that if relator's land is so situated that he cannot gain ingress and egress without the use of the road, and that it is necessary for him to pass to and from his land in order to care for his sheep and cultivate his land, he would have a special and vital interest in maintaining the road, not shared by the general public. Such is the holding in *Highbarger* v. *Milford,* 71 Kan. 331, 80 Pac. 633. He would therefore, in our opinion, be in a position by reason of the special injury to him, to maintain the action.''

The testimony is that there was a road along the boundary lines of the Sipes land, but the court found that it was so far impassable that it did not provide ingress to and egress from relators' lands. No testimony appears in the record to support the finding of the trial court that the section line road at the time of the trial ''could not be considered usable by the public for all purposes of travel,'' because ''of loose earth, grades, cuts, fills and its unfinished condition.'' No witness for the relators purports to testify as to the condition of the new road at the time of trial. The witness Lotta Ford had never · been over the new road. She said she ''thinks'' a new road is being constructed, but ''I don't think it is passable.'' The witness L. C. Smith testified he had been over it some time in the spring ''right after they [the county] worked on it.'' He said it was passable then only with a high-wheeled vehicle. Neither he, nor any other witness for relators, testified as to its condition at the time of the trial or immediately preceding the trial. These two witnesses for the relators are the only ones who mention the section line road.

Three witnesses for the defense testify concerning that road. Defendant Sipes testifies that at the time of the trial ''the road is passable and a good road at this time.'' He says additional work was done on the road after the time Smith said he had been over it, and that when the county finished the road ''it was a good graded road,'' and that ''it compares favorably with any section road in the county. I think it would be called an up-to-grade, a number 1 grade that there is in the county.''

The witness Frank Faucett, a civil engineer and the county surveyor, said: "I would say this road is surfaced in better shape than most of the road leading to it from Proctor," and that the grades were much less than on many stretches of the road of which this portion is a part. Faucett was speaking of its condition at the time of the trial or just before the trial. Another civil engineer, O. P. Wells, corroborates the testimony of Sipes and Faucett. There is no testimony to contradict it, and there is no testimony to support the court's finding as to the condition of the section line road.

The section line road, from the testimony, is somewhat hilly and is some 200 feet longer than the trail across the Sipes property, but the test to be applied is not which is better, but whether the section line road is a passable road which provides ready and convenient ingress and egress to the relators. The testimony is that the section line road does provide ready and convenient ingress and egress, and that is sufficient to show that relators have suffered no special damage sufficient to allow them to maintain this action. (*State ex rel. Dansie* v. *Nolan,* supra; *Hitch* v. *Scholle,* 180 Cal. 467, 181 Pac. 657; *Borton* v. *Mangus,* 93 Kan. 719, 145 Pac. 835, L. R. A. 1915D, 142.)

Relators urge that the proceedings establishing the section line road were not had pursuant to the requirements of the statutes and, therefore, it is not a public highway and so could be closed in the future so as to deprive them of means of ingress and egress. The trial court found otherwise. It appears from the plats, road petition, commissioners' proceedings and oral testimony that the section line road is on the Sipes property. Various exhibits bear Sipes' consent to the establishment of the road there, and his recognition of the right of the public to the establishment and use of a highway there.

No allegation is made, nor is any proof offered, that the section line road is not open to the public as of right, or that it will not remain open. The contrary appears from the testimony, and whether or not the proceedings establishing the section line road were defective, as argued, the section line road is

maintained by the county and open to public travel as a matter of right, and apparently will remain so.

The relators have failed to establish the special damage alleged in their complaint. They may not maintain this action.

The judgment is reversed and the cause remanded with direction to dismiss the complaint.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ARNOLD and ANGSTMAN concur.