No. 28,174.

R. L. KEISTER et al., *Appellants,* v. THE FIRST NATIONAL BANK OF WETMORE, *Appellee,* et al., *Defendants.*

(268 Pac. 820.)

Opinion filed July 7, 1928.

*James L. Haley,* of Sabetha, for the appellants.

*Rufus M. Emery,* of Seneca, *Edgar W. Campbell,* of Topeka, *Samuel F. Newlon* and *W. E. Archer,* both of Hiawatha, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs sued the First National Bank of Wetmore and F. P. Achten and Lillian Achten, agents of the bank, to have a $2,300 note given by the plaintiffs to the First National Bank of Wetmore declared to be a fraud upon the rights of the plaintiffs, to cancel a chattel mortgage given by them to secure the payment of the note, and to enjoin the defendants from conveying or selling the note or mortgage. F. P. Achten and Lillian Achten filed disclaimers. Judgment was rendered in favor of the First National Bank of Wetmore, and the plaintiffs appeal.

The allegations of the petition to show fraud were that the plaintiffs were indebted to the Citizens State Bank of Sabetha in the sum of $757; that the note was secured by a mortgage on personal property owned by the plaintiffs; that Lillian Achten, acting for the First National Bank of Wetmore, went to the plaintiffs and represented to them that the bank owned the note and mortgage given to the Citizens State Bank of Sabetha and demanded that a new note secured by chattel mortgage be given to take up that indebtedness and another note for $1,462.67 previously given to the First National Bank of Wetmore; that the plaintiffs believed the repre-

sentations of Lillian Achten concerning the ownership of the $757 note; that, acting on that belief, a new note for $2,300 was given to the First National Bank of Wetmore; that the new note was secured by a mortgage on property owned by the plaintiffs; and that in truth and in fact the First National Bank of Wetmore did not own the note for $757, which had been given to the Citizens State Bank of Sabetha. The answer of the defendant bank was a general denial.

The evidence of the plaintiffs, who both testified, was to the effect that the representations were made by Lillian Achten as alleged in their petition. The evidence of Lillian Achten, who testified for the defendant bank, was directly contrary to that of the plaintiffs. At the time the note for $2,300 was given to the defendant bank, the plaintiffs were indebted to that bank in the sum of $1,462.67, which indebtedness was included in the new note for $2,300. On the trial it appeared that the defendant bank did not have nor own the note for $757. There had been negotiations between the Citizens State Bank of Sabetha and the defendant bank in which the former bank had agreed to transfer the note to the defendant bank. The transfer had not been completed at the time the note for $2,300 was given by the plaintiffs to the defendant bank, and was never completed, because the plaintiffs went to the Citizens State Bank of Sabetha and objected to the $757 note being transferred to the defendant bank. That bank had given its check to the Citizens State Bank of Sabetha for the amount of the $757 note and interest thereon. That check was returned by the Citizens State bank to the defendant bank, which credited the amount of the check on the $2,300 note that had been given by the plaintiffs to the defendant bank.

The case turns on what was said by Lillian Achten to the plaintiffs at the time the $2,300 note was given. The evidence of the plaintiffs and of the defendant bank was irreconcilably conflicting concerning the representations made by Lillian Achten. The judgment recites that—

"The court after hearing the evidence, argument of counsel, and being fully advised in the premises, finds for the defendants and against the plaintiffs."

That brings this case within the often declared rule that findings of fact supported by evidence will not be disturbed in this court where the findings are supported by competent evidence. When the trans-

action was completed the plaintiffs owed the Citizens State Bank of Sabetha the $757 note, or the amount that remained unpaid thereon, and owed to the defendant bank the $1,462 note, which note, however, was secured by a chattel mortgage on property which had not theretofore been pledged to secure the payment thereof. The court, in effect, found that the chattel mortgage had not been secured by any fraudulent practice.

The judgment is affirmed.