## No. 29,599.

THE CITY OF FORT SCOTT, *Appellee*, v. J. W. BROWN, *Appellant*.

(300 Pac. 1093.)

Opinion filed July 3, 1931.

*Elisha Scott,* of Topeka, for the appellant.

*John L. Connolly* and *Douglas Hudson,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal is by the defendant from a judgment rendered against him, restraining and enjoining him from

maintaining a veterinary hospital on a certain lot in the city of Fort Scott, and from keeping or treating diseased animals on such premises.

The action was commenced in the district court of Bourbon county by the city of Fort Scott, a municipal corporation, against J. W. Brown, a veterinary surgeon, alleging that the defendant operates a veterinary hospital on a certain lot in the city of Fort Scott where diseased animals are treated and kept for treatment; that the lot is situated in the resident district of the city and that many families live adjacent to and near the lot on which the hospital is located; that in addition to the hospital there are kept on the same lot many dog pens where defendant treats and keeps for treatment diseased dogs; that many people each day travel over and upon the sidewalk and street adjacent to this lot, which is located on the corner of two streets; that the diseased dogs whine, bark and howl both day and night, and grievously annoy, disturb and keep awake people residing in the vicinity; that operations are performed upon the animals in sight and hearing of the near-by residents and those traveling on the sidewalk and street near the lot; that diseased tissues from the diseased animals are allowed to remain on the premises, all of which cause offensive odors and make the premises insanitary and a public nuisance.

The answer consists of a general denial and a specific denial that he operates a veterinary hospital on said lot where diseased animals are treated or kept for treatment, and allegations that the action is not brought by the city nor in good faith but by parties conspiring against him with a design to ruin his business and compel him to sell his property, and that other veterinary surgeons are operating their offices and hospitals in the resident district of the city and within two blocks of his place of business. After hearing all the evidence, the court found in favor of the city on the issues joined by the pleadings and rendered judgment against the defendant, enjoining him, as stated above, from maintaining a veterinary hospital on the lot and from keeping or treating diseased animals on these premises.

The theory of the defendant, as expressed in the record, is "that this action is actuated by prejudice and malice, and not based upon the police power of the city at all, but simply a scheme to drive this man from the legitimate practice of his profession," and the ap-

pellant alleges that the decision of the trial court is contrary to the law and evidence and is not supported by the evidence.

The appellant forcibly argues the invalidity of a certain ordinance of the city of Fort Scott, making it a criminal offense to maintain a veterinary hospital within the resident portion of the city, but this action is one in equity and does not depend upon the validity of a city ordinance. An injunction to abate a public nuisance might be granted if the facts justified it, regardless of the force, effect or validity of an ordinance attempting to make such nuisance a crime.

No ordinance is mentioned in the pleadings. Therefore the plaintiff does not and cannot rely upon any ordinance to support its claim of public nuisance or offensive nature and character of the premises. So, as far as this case is concerned, it is as if no ordinance had ever been enacted, and the validity or invalidity of some ordinance that seems to have been passed is immaterial. No evidence was introduced concerning an ordinance and no reference was made to one in the finding of the trial court.

The important features of the case upon appeal are the errors assigned as to the decision being contrary to law and not being supported by the evidence.

The case of *Kansas City v. Serum Co.*, 87 Kan. 786, 125 Pac. 70, was an action by a city for an injunction to restrain the defendant from hauling garbage through the streets of the city and from maintaining hog pens in the neighborhood where people resided, and it was held:

"The allegations of the petition on a demurrer to which the defendants elected to stand, taken as true, showed that a large number of hogs were kept adjacent to the city in such a manner that odors from the place and from garbage hauled thereto were offensive to the people living in the neighborhood and to those who passed along the streets, and offensive to such an extent as to impair the health of citizens and diminish the value of their property. *Held,* to constitute a nuisance, the continuance of which should be perpetually enjoined." (Syl.)

In the case of *Winbigler v. Clift,* 102 Kan. 858, 172 Pac. 537, it was held that a horse and mule market, kept in close proximity to another's residence, was a ground for an injunction by such resident, and that a business may be conducted under such conditions as will constitute it a private as well as a public nuisance.

In a more recent case it was held:

"The maintenance of howling, barking and whining dogs on premises, kept

in an insanitary condition, to the continuous annoyance and discomfort of surrounding neighbors so that their rest is broken, sleep interrupted, and their reasonable use and enjoyment of their property disturbed, is a nuisance subject to be enjoined." (*State, ex, rel., v. Stillwell,* 114 Kan. 808, syl. ¶ 1, 220 Pac. 1058.)

There can be no doubt as to the right of the city to maintain such an action and to abate a public nuisance by means of injunction, and the allegations of the petition certainly state a cause of action, such as will justify the issuance of an injunction order if the evidence is sufficient to support those allegations.

There was some evidence on substantially every ground alleged in the petition, and there was conflicting evidence on nearly every point. Under such circumstances there is only one duty left for this court to perform on appeal, and that is to determine whether there was any evidence on each of the essential points. We cannot weigh the evidence where there is a conflict. That was the duty of the trial court.

As stated above, the record shows some evidence on every necessary point for the city to establish and whether questionable or not, since it was believed and accepted by the trial court, that is sufficient to support the decision. This rule was concisely stated in the case of *Hoff v. Hoff,* 106 Kan. 542, 189 Pac. 613, as follows:

". . . that the determination of issuable facts is the exclusive province of the trial court, and that such determination will not be disturbed on appeal when there is substantial though controverted evidence to support the trial court's findings and judgment." (Syl. ¶ 1.)

The following are some of the many other rulings on the same subject:

"Rule followed that where questions of fact have been determined by the trial court upon substantial and competent evidence, such determination is conclusive on appeal." (*Wideman v. Faivre,* 100 Kan. 102, syl. ¶ 2, 163 Pac. 619.)

"The determination of issuable facts is the province of the trial court and its determination thereon will not be disturbed on appeal where there is substantial evidence to support the trial court's findings and judgment." (*Bateman v. Preisser,* 123 Kan. 217, syl. ¶ 2, 254 Pac. 1028.)

"A general finding of fact made by the trial court on conflicting evidence will not be disturbed on appeal where there was evidence to support the finding made by the court." (*Keister v. First Nat'l Bank,* 126 Kan. 495, 268 Pac. 820.)

The judgment is affirmed.