No. 29,990.

A. C. CARPENTER and A. M. CARPENTER, a Copartnership doing business as THE LESH OIL COMPANY, *Appellees*, v. R. G. ALDRIDGE, *Appellant*.

(300 Pac. 1065.)

Opinion filed July 3, 1931.

*J. L. Shelden* and *H. M. Funston,* both of Ottawa, for the appellant.

*R. R. Redmond,* of Ottawa, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action in two counts to recover from the defendant for oil claimed by the plaintiffs to have been sold and delivered by them to him at his garage in Williamsburg, Kan., between September 27, 1929, and February 22, 1930, in the sum of

$244.45, and for a balance of rent on the garage building for four months in the sum of $82.25, with interest on both items.

The defense was a general denial. The case was tried to the court without a jury and judgment was rendered for plaintiffs and against the defendant on both counts, from which judgment the defendant appeals.

It is the contention of the appellant that the arrangement and transaction disclosed by the evidence in the case bring the whole matter within the inhibition of the statute of frauds (R. S. 33-106), being an action to charge the defendant upon a special promise to answer for the debt of another, which must be in writing and signed by the party to be charged.

The theory of the defendant, which was supported by his own evidence and that of other witnesses called by him, was that he never owned or operated the garage and never purchased any oil from plaintiffs to be used at the garage, nor rented the garage building, but that he furnished the money for the purchase of the garage equipment in the sum of $800 for the benefit of his cousin, Ray Ragan, who purchased it from his predecessor, Smith, and that the defendant gave a bill of sale for the equipment to Ragan and took his notes therefor in the sum of $850, and that Ragan purchased the oil, rented the garage building and conducted the business. Defendant, of course, gave Ragan all his business, was frequently at the garage and anxious for him to succeed. It is not claimed by the plaintiffs that there was anything in writing either concerning the purchase of the oil or the renting of the building, so that if the evidence should show the obligation and debt to have been that of Ragan instead of the defendant, the case would come under the inhibition of the statute.

The testimony of the defendant and Ragan was consistently along this line and in support of the theory that Ragan transacted all the business for himself and that the defendant made no purchases or contracts in connection with the garage except to furnish the money for the investment. Considering separately and alone the testimony introduced by the defendant, it might reasonably well support his theory, although some portions of it shown upon cross-examination might give some reason for doubt—for instance, the agreement to make the charge to defendant for the first purchase of oil from plaintiffs on September 27, 1929; the advertisement in

the town paper immediately after the purchase of the garage from Smith, naming the defendant as owner and Ray Ragan as manager; the continuance of this newspaper notice for about four weeks; the arrangement between defendant and Ragan for compensation for Ragan in the sum of $18 per week and one-half the profits, which plan lasted perhaps a month; one of the notes given by Ragan to defendant for the purchase of the equipment dated in November instead of September, when both the oil purchases and the rent account began; the conference of defendant with the agent of plaintiffs in January about disposing of the equipment to pay the bills and later the appropriating to himself the adding machine, the most valuable part of the equipment, when the business ceased, and applying the value of it on one of the Ragan notes. Of course, these features which lean contrary to the theory of the defendant would naturally and properly be swept aside if the trial court had accepted and credited the theory of the defendant that the debt was that of another, viz., that of Ragan. But the trial court did not credit this view of the transactions but accepted and credited the theory of the plaintiffs, which was supported by positive and direct evidence of the agent of the plaintiffs to the effect that the arrangements for the sale of oil and for the rent of the building were both directly with the defendant and were not made by Ragan or by the defendant for the benefit of Ragan. On this all-important question at issue there was a very decided conflict in the evidence, and the oft-repeated rule requires a court of review to leave undisturbed such determination of issuable facts and accept such findings as conclusive if there is any substantial and competent evidence to support the determination reached.

"The determination of issuable facts is the province of the trial court and its determination thereon will not be disturbed on appeal where there is substantial evidence to support the trial court's findings and judgment." (*Bateman v. Preisser,* 123 Kan. 217, syl. ¶ 2, 254 Pac. 1028.)

"A general finding of fact made by the trial court on conflicting evidence will not be disturbed on appeal where there was evidence to support the finding made by the court." (*Keister v. First Nat'l Bank,* 126 Kan. 495, syl., 268 Pac. 820.)

"Rule followed that where a general finding and judgment of the trial court is supported by substantial testimony the supreme court cannot undertake to make an independent determination of the question whether the preponderance of evidence inclined on the side of the prevailing party or on the side of his adversary." (*Stanley v. Stanley,* 131 Kan. 71, syl. 2, 289 Pac. 406. See,

also, *Roman v. St. Louis-S. F. Rly. Co.*, 120 Kan. 585, 245 Pac. 115; *C. & A. Auto Supply Co. v. Sharpe Brothers Contracting Co.*, 127 Kan. 279, 273 Pac. 466; and *Closson v. Kaw Packing Co.*, 129 Kan. 418, 283 Pac. 493.)

So we cannot accept and apply the theory of the defendant that the case comes under the inhibition of the statute of frauds.

Appellant urges as error the admission of evidence of outside parties tending to show that the defendant held himself out to them as being the owner of the garage as wholly irrelevant and immaterial because the agent of the plaintiffs knew such was not the case, and the plaintiffs, being charged with the agent's knowledge, could not have been misled by such attitude of the defendant. We are not persuaded that this testimony was objectionable for the reasons given, for it does not appear that it was introduced to show plaintiffs were in any way misled by the attitude of the defendant. They base their claim upon direct arrangements between their agent and the defendant and are not urging or relying upon any misleading feature. Besides, such evidence would appear to be corroborative of that given by the plaintiffs' agent in which he stated he dealt with the defendant as the owner of the garage, and instead of knowing the contrary he expressed himself as considering the defendant as the actual owner.

There is an abundance of evidence to support the finding of the trial court, and we find no error in the admission of evidence nor in the trial of the cause.

The judgment is affirmed.