SAMUEL HOLMAN vs. INHABITANTS OF TOWNSEND.

An action cannot be maintained against a town for damages alleged to have been caused to the plaintiff by the obstruction of a road by snow, by reason whereof he was prevented from travelling on the road, with his cattle and teams, and on foot, and from transporting his logs and timber to a saw m.1l, and from otherwise working in his wood lot, and about his logs and wood: And a declaration, setting forth such cause of action, is bad on demurrer.

THIS was an action of trespass upon the case, originally brought before a justice of the peace, in March 1846, by an inhabitant of Lunenburg, in the county of Worcester, a town adjoining Townsend, for an alleged injury caused by the obstruction of a highway by snow and ice. The defendants demurred to the plaintiff's declaration, and the justice overruled the demurrer, and gave judgment for the plaintiff, for five dollars damage, and costs of suit. The defendants thereupon appealed to the court of common pleas; and in that court the plaintiff, by leave first obtained, filed a new declaration, as follows: "For that the said defendants, on the twenty first day of February, A. D. 1846, and from that time until the third day of March, A. D. 1846, did suffer and permit the public highway, situate in said Townsend, and leading from the middle of said Townsend, and by the house of one Asa Graham, to the line of said town of Lunenburg, which highway is the usual and accustomed highway of said Holman to the saw mill of Powers and Adams, and to the centre of the town of Townsend, and which highway said defendants were then, and are now, bound by law to repair,

to be, continue and remain unsafe, out of repair, and impas
sable, by reason of being obstructed and incumbered with
snow and ice, although they had reasonable notice thereof.
By means whereof, said plaintiff was, during all that time,
hindered and prevented from travelling that way, with his
horses, cattle, teams, and on foot, and otherwise, and thereby
prevented and hindered from hauling and sledding a great
quantity of logs and timber, the property of said plaintiff, to
said mill, in order that they might there be sawed into lum-
ber; and also from otherwise working in his woodlot, and
about his logs and wood, being in and near said woodlot; and
thereby so injured in his property." The defendants demurred
to this declaration, and the plaintiff joined in demurrer. The
demurrer was sustained by the court of common pleas, and
judgment was rendered for the defendants. The plaintiff ap-
pealed to this court.

*Worcester*, in support of the demurrer. The defendants
rely on the single objection, that the declaration alleges no
special damage which will sustain an action. In *Paine* v.
*Patrich*, Carth. 194, the doctrine is thus laid down: " If a
highway is so stopped, that a man is delayed in his journey a
little while, and by reason thereof he is damnified, or some
important affair neglected; this is not such a special damage
for which an action on the case will lie; but a particular
damage to maintain this action ought to be direct, and not
consequential; as, for instance, the loss of his horse, or by
some corporal hurt, in falling into a trench in the highway."
All the books sustain the same doctrine. *Hubert* v. *Groves*,
1 Esp. R. 148. *Stetson* v. *Faxon*, and *Thayer* v. *City of
Boston*, 19 Pick. 147, 511. *Fineux* v. *Hovenden*, Cro. Eliz.
664. *Barr* v. *Stevens*, 1 Bibb, 292. *Pierce* v. *Dart*, 7 Cow.
609. *Anon.* Mo. 180, pl. 321.

No action can be maintained against a town, by the com-
mon law, for a defect in a road. *Russell* v. *The Men of
Devon*, 2 T. R. 667. *Mower* v. *Inhabitants of Leicester*,
9 Mass. 247. *Tisdale* v. *Inhabitants of Norton*, 8 Met. 388.
Such action lies only by force of the Rev. Sts. c. 25.

*B. Russell*, for the plaintiff. This action is founded on the Rev. Sts. *c.* 25, § 22, which give an action to any person who receives an injury, in his person or property, " by reason of any defect, or want of repair." Obstruction by snow is a defect, within this provision. *Loker* v. *Inhabitants of Brookline*, 13 Pick. 343. And the plaintiff suffered such an injury as entitles him to redress by action. *Farnum* v. *Town of Concord*, 2 N. Hamp. 392. *Lansing* v. *Smith*, 4 Wend. 9. *Rose* v. *Miles*, 4 M. & S. 101. *Burrows* v. *Pixley*, 1 Root, 362. *Hughes* v. *Heiser*, 1 Binn. 463. *Mayor, &c. of Pittsburgh* v. *Scott*, 1 Barr, 309.

SHAW, C. J. The court are clearly of opinion that this action cannot be maintained on the Rev. Sts. *c.* 25, § 22. They give a remedy to any one who has received " any injury in his person or property by reason of any defect, or want of repair." The construction, which has been put on this provision, and which we consider a just one, is, that it must be a damage sustained in using the road, and also in using it with due care and skill. *Tisdale* v. *Inhabitants of Norton*, 8 Met. 388. *Adams* v. *Inhabitants of Carlisle*, 21 Pick. 146. The special damage, for which this statute gives a remedy, must be one of which the defect in the highway is the direct and proximate cause. That damage, which a party sustains, in consequence of not being able to use a highway, is one which he sustains, in common with all the rest of the community, from the failure of the town to perform a public duty, and can be properly redressed only by a public prosecution. Were it otherwise, every individual in the town or the adjoining towns, who owns a team or carriage, and would occasionally find it convenient to use the road, would have a separate action. Co. Lit. 56 *a.* 3 Mod. 294. 3 Wooddeson, 190.

Even in an action at common law, where one sues to recover special damage, for an injury sustained by an obstruction in a highway, it must be shown that his damage is special, and peculiar in kind, as by driving against a log ; *Fowler* v. *Sanders*, Cro. Jac. 446 ; or falling into a ditch. Co. Lit 56 *a.* Carth. 194. The damage arising from being

unable to use the way, being common to all the public, is not
the ground of a private action. The distinction is well
stated, and the authorities are reviewed, in the case of *Stet-
son* v. *Faxon,* 19 Pick. 147.

But an action at common law will not lie against a town;
and, to recover damage, a party must bring his case within
the statute. *Mower* v. *Inhabitants of Leicester,* 9 Mass. 247.
*Judgment, on the demurrer, for the defendants.*