36  617
48  333
36  617
63  245

SCHOOL DISTRICT No. 1, IN CLAY COUNTY, v. GEORGE W. NEIL.

1. PUBLIC NUISANCE, *Action to Abate; Nature of Damages.* Where a school district brings an action to abate a public nuisance, it must show that it has sustained damages peculiar to itself; it is not enough that such damages are greater than those sustained by the public at large, differing from them only in degree — they must be different in kind.

2. NUISANCE—*Public Prosecution.* A public nuisance can only be redressed by a public prosecution unless the party complaining suffers some peculiar damages differing in kind from those sustained by the public at large.

*Error from Clay District Court.*

INJUNCTION brought by *The School District* against *Neil.* Judgment for the defendant at the May Term, 1885. The opinion states the material facts.

*C. M. Anthony,* for plaintiff in error.

*Harkness & Godard,* for defendant in error.

Opinion by HOLT, C.: The court below sustained a demurrer to the plaintiff's petition, because the same did not state facts sufficient to constitute a cause of action. The plaintiff in error complains of such ruling. It is the only question in controversy. The petition states that plaintiff is a corporation; that in 1878 it was about to build a new school house in the school district, and at a public meeting held for the purpose of obtaining the expression of the opinion of the legal voters as to the location it was finally agreed between plaintiff and defendant that a school house should be located on the land of the defendant, upon the condition that he would allow to be opened and dedicated to the perpetual use of the public a common road or public highway in consideration of the sum of $40 to be paid as damages for opening and locating the same; that plaintiff built a school house worth eight hundred dollars, and divers persons paid defendant the sum of forty dollars; and that the road was established as a public highway by the order of the board of county commissioners of Clay county. The petition further states, that on the 5th day of May, 1884, the defendant placed a fence across said road to prevent the public from using or traveling over the same, and that it was an irreparable damage to the plaintiff and the inhabitants of said district in going to and returning from said school house; that said fence, so constructed, was and became a public nuisance, and is intended to shut out and prevent the public from having access over said road to said school house. In the prayer to said petition it asks for the abatement of the

nuisance, and an injunction inhibiting the defendant from molesting the public in the enjoyment of said road.

In ordinary actions the statement of facts constitutes the cause of action, and it is not generally required to embrace the details of damages; but in cases for losses sustained by public nuisances the rule is different.    The gist of the action then is, that the plaintiff has sustained some damage peculiar to himself, differing in kind from that common to the public.    The plaintiff failing to show such damage in the petition, it is so defective that a demurrer should be sustained thereto.    If the loss of the plaintiff is simply greater damage of the same kind as that sustained by the rest of the community, such fact will not be sufficient to constitute a cause of action in favor of the party complaining.    The loss to the public consists in the inconvenience in, or the obstruction to, the use of the highway for travel, differing in degree but not in kind, according to the frequency of use which proximity of residence or peculiarity of occupation may impose.    For this no individual can sue, but must resort to such public actions as are given by law. We presume it will be admitted that this plaintiff as a corporation has no greater right in maintaining a private action than an individual.    Its claim for damages is, that the inhabitants of said district are prevented in going to and returning from said school house over said road.    It is not claimed in the petition that this is the only public road that could be used by the inhabitants of the district, by which access could be had to the school house.    In its petition it claims that the public are prevented from using this road, and that the inhabitants of the school district are injured because they cannot use it, being damages in kind sustained by all — the plaintiff, the inhabitants of the district, and the public generally ; and because there are no peculiar and special damages alleged to have been sustained by the plaintiff, differing in kind from the general public, we believe that the plaintiff's petition does not state a cause of action. (*School District v. Shadduck*, 25 Kas. 467 *Heller v. A. T. & S. F. Rld. Co.*, 28 id. 627; *Farrelly & Co.*

*v. The City of Cincinnati,* 2 Disn. 516; Wood Nuis., §§ 819 and 820.)

In *Holman v. Inhabitants of Townsend,* 54 Mass. 297, Chief Justice Shaw says:

"That damage which a party sustains in consequence of not being able to use a highway is one which he sustains in common with all the rest of the community, . . . and can be properly redressed only by a public prosecution. Were it otherwise, every individual in the town or adjoining towns who owns a team or carriage, and would occasionally find it inconvenient to use the road, would have a separate action."

Lord Coke, speaking of this subject in Coke Lit., 56*a*, says:

"For if the way be a common way, if any man be disturbed to go that way, or if a ditch be made over athwart the way so he cannot go, yet he shall not have an action upon his case; and this the law provided for avoiding of multiplicity of suits, for if any one man might have an action all men might have the like."

Damages sustained by the inhabitants of the school district ordinarily and naturally resulting from the obstruction of a public highway do not authorize the school district itself to enjoin defendant in this action. The school district is a part of the public community, and if it was damaged by a public nuisance which it sought to abate, then the public should take steps to abate it through the public officers. Our legislature has made ample provision in such matters. (See § 1, ch. 153, Laws of 1885.)

We are of the opinion that the agreement between the school district and defendant, had at the time of the location of the school house in said district, and the promise to allow the road in question to be opened, is not such an one that a breach thereof by defendant would authorize the issuing of an injunction against defendant.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.