No. 25,793.

J. T. MAYFIELD, NETTIE BITTER, ELMORE BROWN, and ALTHILD SHAW, *Appellants*, v. THE BOARD OF EDUCATION OF THE CITY OF SALINA, *Appellee*.

SYLLABUS BY THE COURT.

EMINENT DOMAIN—*School Site—Adjoining Property Owners—Consequential Damages*. A board of education proceeded properly under the statute to select a site and condemn property for a grade-school building. Resident adjoining property owners sought to enjoin the condemnation of the site and construction of the school building until they were paid consequential damages resulting to them therefrom. *Held*, the injunction cannot be maintained.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed March 7, 1925. Affirmed.

*C. W. Burch, B. I. Litowich*, and *LaRue Royce*, all of Salina, for the appellants.

*Carl S. Byers*, of Salina, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a suit to enjoin the board of education of the city of Salina from condemning a site selected and erecting thereon a grade-school building. A demurrer was sustained to the petition, and plaintiffs have appealed.

Situated in the resident portion of Salina is a city block, 1,200 feet in length north and south and 240 feet in width. The board of education selected as a site for a new grade-school building a tract of ground about the center of this block the long way, extending from street to street the narrow way, and are proceeding under the statute (R. S. 72-4702)¹ to condemn the site so selected, with the intention of erecting a grade-school building thereon and conducting school therein and using the remainder of the tract as a playground for the school children. The plaintiffs are the owners, and reside upon their respective properties, of the lots immediately adjoining on the north and south of the site selected, and they allege:

"That if the defendant so condemns and appropriates said property and uses the same for such school purposes, each of the plaintiffs will be annoyed by the noise and repeated trespasses and the acts and conduct of the numerous pupils of said school and all other persons who use the same for such purposes; and each of the plaintiffs will thereby be injured in the use and enjoyment of his and her said property; and such condemnation, appropriation and use of said property by said defendant will depreciate the value of the property of each of the plaintiffs in the sum of many thousands of dollars."

Plaintiffs further allege that the statutes of this state make no provision for the assessment and collection of damages to their property; that the board of education cannot be sued for such damages, and that they have no adequate remedy at law. That by reason of the facts alleged, R. S. 72-4702 is void, being in conflict with the constitution of the United States, section 1 of the fourteenth amendment, and of sections 1 and 18 of the bill of rights of the constitution of this state.

It is further alleged that such condemnation, appropriation and use of the selected site by defendant will constitute and be a private nuisance to plaintiffs and will constitute and be a taking of plaintiffs' property in violation of the constitution of the United States, fourteenth amendment, and deny plaintiffs equal protection of the law.

It is conceded that the board of education has proceeded properly under the statute in making the selection of the school site, and to

acquire the same by proper condemnation proceedings, and purposes to pay for the property constituting the site selected. The property of plaintiffs has not been selected as a part of the site, and the board of education is not attempting to condemn it, neither does it purpose paying anything for it.

Plaintiffs base their cause of action upon consequential damages they aver they will sustain by reason of the location of the school adjoining·their properties. These consequential damages differ not in kind, but in degree only, from those which will be suffered by their neighbors next removed from the site, and those still further removed, covering an indefinite and almost unascertainable area. In condemning sites for the location of public or quasi-public improvements, our constitution and statutes do not take into consideration such consequential damages. (*School District v. Neil,* 36 Kan. 617, 14 Pac. 253; *O. C. C. & C. G. Rld. Co. v. Larson,* 40 Kan. 301, 19 Pac. 661; *Railway Co. v. Armstrong,* 71 Kan. 366, 371, 80 Pac. 978; *Dryden v. Purdy,* 97 Kan. 59, 154 Pac. 221.)

Appellants contend that the injury to their property and the damage they will sustain by reason thereof amounts to a *taking* of their property within the constitutional meaning. But in the absence of a constitutional or statutory provision specifically requiring the payment of damages for such consequential injury, "it was almost universally held that there was no constitutional right to compensation." (10 R. C. L. 164. See, also, *C. B. & Q. Railway v. Drainage Comm'rs,* 200 U. S. 561, 583, and cases there cited.)

In 20 C. J. 669 the rule is thus stated:

"The general rule is that acts done in the proper exercise of governmental powers, or pursuant to authority conferred by a valid act of the legislature, and not directly encroaching upon private property, although their consequences may impair its use, do not constitute a taking, and do not entitle the owner of such property to compensation, in the absence of constitutional or statutory provision requiring compensation to be made for damaging, injuring or destroying property."

Some states have constitutional provisions for the payment for property taken or damaged (10 R. C. L. 165), but even under those provisions, in determining what damages are payable, it is said:

"Just how far these amendments were intended to reach is not entirely clear, and there are several possible definitions of damage which have received support. The most obvious, of course, would include any use of land taken by the public authority which actually depreciated the market value of other land in the vicinity. The general adoption of this rule, however, would ren-

der impossible most public improvements, and would give a landowner infinitely greater rights against the public than he has against his private neighbors; nevertheless it is not without support, though in most jurisdictions it is rejected as impracticable. . . . The rule which has received the most support in actual application is that compensation is required not only when there is an injury that would be actionable at common law, but also in all cases in which it appears that there has been some physical disturbance of a right, either public or private, which the owner of a parcel of land enjoys in connection with his property and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property in excess of that sustained by the public generally." (pp. 165, 166, 167.)

And in 20 C. J. 674, speaking of damages which may be allowed in such states, it is said:

"It is generally held, however, that the interference which will require compensation must be a physical interference with the property itself or with the right which the owner has to the legal and proper use of the same, and not merely such as causes personal inconvenience or annoyance, not affecting the property in a special and peculiar manner."

Hence, even if our constitution required payment for property "taken and damaged," it would seem that plaintiffs would not have a remedy, but we need not decide that question, for our constitution makes no such provision.

The judgment of the court below is affirmed.

BURCH, J., not sitting.