No. 39,609

Carl J. Richert and Irene Richert, *Appellants*, v. The Board of Education of the City of Newton, Kansas, *Appellee.*

(280 P. 2d 596)

Opinion filed March 5, 1955.

*J. Rodney Stone,* of Newton, argued the cause and was on the briefs for the appellants.

*C. Fred Ice,* of Newton, argued the cause, and *Alden E. Branine,* and *Arthur N. Turner,* both of Newton, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This appeal was taken from the trial court's order sustaining appellee's demurrer to appellants' second amended petition for the reason that a cause of action was not stated.

Appellants' second amended petition substantially alleged:

Appellants have owned and maintained their home since February 19, 1937, on a tract of real estate which is 88.65 feet wide, north and south, by 135 feet long, east and west, in the southwest corner of block one of Wright's Addition to the city of Newton; at the same time appellee owned and maintained a school and school grounds on eight lots in the north half of block one of Wright's Addition to the city of Newton; on or about October 14, 1942, appellee acquired for school purposes an additional tract of real estate in block one of Wright's Addition to the city of Newton.

The second amended petition further alleged:

"That thereafter there remained only three residences in said block, all in the southwest portion thereof, one lying to the north of these plaintiffs, and one lying to the east of these plaintiffs, until the said Board of Education of said city of Newton did on the 3rd day of November, 1949, institute proceed-

ings in condemnation, and further condemn for school purposes the following tracts of land in said Block One (1) of Wright's Addition to the city of Newton, Harvey County, Kansas, to-wit:

[Here follows description of the residence north and adjacent to appellants and of the residence east and adjacent to appellants.]

"That upon and after said condemnation on or about the month of July, 1950, the said defendant erected a woven wire fence, approximately seven feet high at the edge of said school's play-ground at the north boundary between the plaintiffs' property and said school yard, and that at the east boundary of plaintiffs' property the said school has used the wooden picket fence, approximately four and one-half feet in height, erected at or near said boundary during the year 1936, and owned by predecessors in title of these plaintiffs and subsequently by these plaintiffs as the boundary fence between said school yard and the property of said plaintiffs, which fence has never within the knowledge of these plaintiffs been moved to this date. That said plaintiffs have never objected to or protested the construction of said fence by the said defendant.

"That said plaintiffs' property is bounded on the south side by South East Second Street, and on the west side by Old Main Street, in said city of Newton, Kansas, and that said defendant has caused said plaintiffs' residence to be isolated in said block in that it remains the sole and only residence in said block.

"That said defendant by said condemnation proceedings and its conversion of the remainder of said block to public use for school purposes has caused these plaintiffs to sustain a great loss in the market value of said premises for residence purposes or for any other purpose, said loss being in an amount of not less than $12,500.00, and has substantially impaired the use of said premises as a residence by causing it to be surrounded with public uses as it is bounded by city streets and school property and playgrounds thereby substantially impairing the privacy of plaintiffs' property as a residence or home.

"That by reason of the foregoing the said defendant has condemned and converted all of said Block One (1) in said Wright's Addition to use for school purposes except the tract owned by these plaintiffs and that the said defendant by reason of such condemnation destroyed said block as a city block for the purpose of private residences, and has in effect taken all of said block for such uses and purposes, and condemned all of said block to use for school purposes. That the said block has been destroyed for residences and residence purposes by the acts of the defendant in converting the remainder of said block to public use as herein set forth. That said plaintiffs further allege that no part of the property of these plaintiffs *were* included in any proceedings of condemnation, and that no part of the property of said plaintiffs was taken by the defendant, except for the use of a small portion thereof for playground purposes which such use commenced at or after the beginning of the school year in the fall or September of 1950. That this tract lies on the east side of the above mentioned picket fence at the east boundary of said plaintiffs' property. That these plaintiffs are at this time unable to state the exact dimensions of such tract but alleges that such tract is narrow and/or rectangular

in shape; but is too narrow for playground equipment to be placed thereon, and that none has been placed thereon. That said tract is being used as a part of the school playground up to the picket fence aforesaid. That by reason of the use as a part of the playground said picket fence has been damaged and partially destroyed, and said plaintiffs have sustained the loss of such part of their ground as is now included in said school playground. That the loss herein described is peculiar and special to these plaintiffs, and does not affect the public as a whole or in part.

"That by reason of the foregoing, said defendant has taken the property of these plaintiffs without just compensation therefor and in violation of the Fourteenth Amendment to the Constitution of the United States, which provides, to-wit:

"' . . . Nor shall any state deprive any person of life, Liberty, or property, without due process of law. . . .'

"That the property and home of these plaintiffs on the real estate above described and said real estate was on the 3rd day of November, 1949, worth and had a market value of $20,000.00; but that immediately thereafter and at this time said property has a market value not in excess of $7,500.00, by reason whereof these plaintiffs are entitled to compensation in the sum of $12,500.00."

Appellee demurred to the second amended petition on the ground that it did not state facts sufficient to constitute a cause of action. The questions raised by this appeal are (1) does the second amended petition state facts sufficient to constitute a cause of action, and (2) is such a cause of action barred by the statute of limitations?

It is admitted that these appellants were not parties to nor was their property described in the condemnation proceedings. There is no question raised anywhere in the record or on oral argument as to the power of the school board of the city of Newton to acquire property by eminent domain or that the condemnation proceedings were not correct and proper. There was a small strip of appellants' land used by the school children while at play, but appellants make no claim based upon that particular trespass.

Appellants state that the general law of eminent domain, and the fourteenth amendment to the constitution of the United States which reads, in part,

". . . nor shall any State deprive any person of . . . property, without due process of law . . . ,"

control since there is no provision in the constitution of Kansas pertaining to the taking of land through the power of eminent domain.

In the second amended petition appellants alleged that appellee

has taken appellants' property because all of block one in Wright's Addition to the city of Newton has been taken for school use except appellants' property, thereby surrounding appellants' property with public uses, the school on the north and east, South East Second street on the south, and Old Main street on the west. Through the action of appellee, appellants' property has been isolated, which resulted in the market value being decreased.

Kansas has not adopted any constitutional or statutory provisions whereby the condemnor under eminent domain must pay for property "taken or damaged" as has Illinois. With such a provision, the Illinois Supreme Court in the case of *City of Winchester v. Ring*, 312 Ill. 544, 144 N. E. 333, 36 A. L. R. 520, 522-524, said:

> "The right to damages, [where a cemetery was located adjacent to the dwelling house of appellant] must be based on the ground that a right of property has been disturbed, and cannot be awarded for an injury to the convenience or feelings of the owner . . . It is one which affects the feelings of the individual owner, only, and varies with the sentiments of each particular individual. It is, furthermore, not different from that sustained by others residing in that neighborhood though it may be of a greater degree." (p. 553.)

The general rule, which applies in the case under consideration, is stated as follows in the above opinion:

> "There are certain injuries which are necessarily incident to the ownership of property in towns or cities which directly impair the value of private property, for which the law does not, and never has, afforded any relief . . ." (p. 550.)

and the court in the same opinion later says:

> ". . . such supposed damages must be considered as *damnum absque injuria*, on the theory of the law that the plaintiff is compensated for the injury sustained by sharing the general benefits which are secured to all by it. . . ." (p. 552.)

In the case of *Schuler v. Wilson*, 322 Ill. 503, 153 N. E. 737, 48 A. L. R. 1027, 1030, none of Luella B. Wilson's land was taken, but she owned land occupied by herself and her husband as a residence immediately adjoining land used for school purposes. That court held there was no physical interference with her property and no direct physical disturbance of any right which she enjoyed in connection with her property and there were, therefore, no damages. Use of adjacent property as a school playground causing depreciation of the value of neighboring property is no justification for damages or assessment of damages in eminent

domain proceedings, which is the very thing appellants here are undertaking.

There is no question or contention of caprice, fraud, bad faith, or abuse of power or discretion on the part of the condemnor.

Appellants cite *Sester v. Belvue Drainage District*, 162 Kan. 1, 173 P. 2d 619, which reads:

"The right to sue a public body under the constitutional guaranties does not extend to cases where land is not actually taken but is only indirectly or consequentially damaged. There is a great difference between intentional taking of land in the exercise of governmental power and injury resulting to land as a consequence therefrom. A consequential injury is not a taking of private property for public use within the meaning of the Fifth Amendment. In the early case of *O. O. C. & C. G. Rld. Co. v. Larson*, 40 Kan. 301, 19 Pac. 661, paragraph two of the syllabus reads as follows:

" 'Subdivision 4, § 47, ch. 23, Comp. Laws of 1885, is not in contravention to § 4, art. 12 of the constitution of the state, or of the fifth amendment to the constitution of the United States; as the constitutional right to compensation for private property taken for public use does not extend to instances where the land is not actually taken, but indirectly or consequentially injured.'

"Nichols in his work on Eminent Domain (Vol. 1, 2d ed., p. 293), has the following to say:

" 'It is the prevailing and now almost universally accepted doctrine, in the absence of a special provision in the constitution to the contrary, that when a tract of land has been taken by legislative authority for the public use and the devotion of such land to the use for which it was taken injuriously affects neighboring land in a manner that would be actionable at common law if the injury had been committed by a private individual without legislative sanction, but does not substantially oust the owner from the possession of the land or deprive him of all beneficial use thereof, the owner of the injured land is not entitled to compensation under the constitution; for merely damaging property does not necessarily constitute a taking.' " (p. 6.)

We note that the word "appropriated" is used instead of "taken." However, these words mean the same. (1 Bouvier's Law Dictionary, p. 223.) The law set out in the Sester case does not support appellants' theory. (See, also, Kan. Const., art. 12, § 4.)

Appellants next contend that the school has damaged their property in a different and special manner over and above other property in the community. They admit they were not damaged greater in kind so long as there were other residences between the school property and their home, and further admit the only damage to them then was in degree. However, they ignore the fact that immediately across the street in all directions from the

school there were residences which were affected and consequentially damaged by the expansion of the school to meet demands of a growing population and progress.

We cannot agree with appellants on this proposition. We must adhere to the rule stated in *Mayfield v. Board of Education*, 118 Kan. 138, 140, 233 Pac. 1024, wherein the school was sought to be established, while the school in the case at bar was expanding. In both cases the property of the parties was not included in the condemnation proceedings. There the court said, in substance, such damages are consequential damages, which are not covered by the constitution or statutes in Kansas, and that such damages being different in degree, but not in kind, cannot be recovered. (30 C. J. S., Eminent Domain, § 446, p. 184, 185; 18 Am. Jur., Eminent Domain, § 140, p. 767; *Campbell v. United States*, 266 U. S. 368, 69 L. ed. 328, 45 S. Ct. 115.)

The trial court did not err in sustaining a demurrer to appellants' second amended petition because it failed to state a cause of action. It is not necessary to consider the question of the statute of limitations.

The judgment is affirmed.