No. 20,237.

DEPARTMENT OF HIGHWAYS OF COLORADO *v.*
ANDREW D. KELLEY, ET AL.
(379 P. [2d] 386)

Decided March 4, 1963.

Mr. DUKE W. DUNBAR, Attorney General, Mr. JOHN P. HOLLOWAY, Chief Highway Counsel, Mr. JOSEPH M. MONTANO, Assistant Attorney General, for plaintiff in error.

Mr. MORRIS RIFKIN, for defendants in error Andrew D. Kelley and Minnie Kelley.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error Department of Highways filed a petition in condemnation in the trial court for the purpose of acquiring for a highway right-of-way a portion of land belonging to the defendants in error Kelley.

No jury trial was requested by the landowners and the court appointed a commission of freeholders, as provided by law, to determine the compensation to be paid the landowners for the land actually taken and for damages to the residue. The commission was duly instructed by the court as to the law applicable to the case, and after hearing, the commission ascertained and certified the fair market value of the land actually taken to be $12,375.00 and the damage to the residue of the land to be $4800.00. The award was well within the range of the testimony concerning the fair market value of the land taken, and severance damage to the remaining property. No objection was made by the landowners to the award of the commission and the full amount of the award was thereupon deposited in court by the Department of Highways.

Thereafter the landowners filed a "Motion to Assess as Costs," requesting, among other items, that the court assess as *costs*:

"Special Improvement taxes heretofore paid by the Defendant and those remaining unpaid at the time of the entry of judgment in the amount of about $3,000.00."

The special improvements were described in the motion as being for street and sewer improvements. It was contended by the landowners that the amount of these assessments should be taxed as costs in the action and be paid by the condemning authority.

After hearing, the trial court assessed as *costs* against the Department of Highways the sum of $1,000.00 for Special Improvement Taxes. The Department brings error to that portion of the judgment assessing such sum as costs of the action.

■ It is true that a landowner is entitled to be compensated for costs incurred by him in condemnation

proceedings, provided such costs are reasonably incurred, on the theory that to require the landowner to pay such costs would reduce the "just compensation" for the taking guaranteed by Article II, Section 15 of the Constitution. *Keller v. Miller,* 63 Colo. 304, 165 Pac. 774.

But the term "costs" as applied to proceedings in a court has a well recognized meaning. It means certain expenses necessarily incurred by reason of the litigation, 20 C.J.S. Costs, Sec. 1, p. 257. The Special Improvement assessments which the landowners claim as "costs" here did not arise out of the litigation. They had no relation whatever to the institution or conduct of the condemnation proceedings. They were not "expenses" necessarily incurred by reason of the proceedings and so cannot be taxed as costs. While it is true that the lien for the special assessments is by operation of law transferred from the land to the award, *Board of Capitol Managers v. Brasie,* 72 Colo. 153, 210 Pac. 63, and *Moffat Tunnel Improvement Dist. v. Housing Authority,* 109 Colo. 357, 125 P. (2d) 138, the law is also clear that the award of the commission or the jury must reflect only the fair market value of the property taken and there cannot be added to the award as part of the fair market value the amount of liens which exist against the property.

That portion of the judgment assessing as costs of the action the sum of $1,000.00 for Special Improvement Taxes is reversed.

Mr. Justice Moore not participating.