## No. 23793.

Frank K. Southworth, or his successor in office, as Treasurer of the City and County of Denver *v.* Department of Highways, State of Colorado; Frank C. Klein.

(489 P.2d 204)

Decided October 4, 1971.

MAX P. ZALL, ROBERT M. KELLY, EARL T. THRASHER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOSEPH M. MONTANO, Assistant, LEONARD RIPPS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS lawsuit arises out of a condemnation proceeding commenced May 7, 1963, by the State Highway Department, a defendant in error, to acquire land owned by one Klein, also a defendant in error. The City and County of Denver and its Manager of Revenue are the plaintiffs in error and will be referred to as the "City."

Klein and the City were each served with a copy of the condemnation petition and summons. On May 21, 1963, the City filed an answer in which it claimed "any and all outstanding tax liens covering general taxes, Moffat Tunnel Assessments and local public improvement district assessments which are ... or may ... become due." A copy of this pleading was served on the Highway Department but not upon Klein.

On June 29, 1965, the commissioners having previously determined the value of the property taken and the department having deposited the amount of the award in the registry of the court, the district court entered a "Rule and Order" transferring title from Klein to the Highway Department. The following day, June 30, 1965, Klein sought and obtained an order of distribution directing the Clerk of the Court to pay the full amount of the award to him. These two orders were entered without any notice to the City.

It appears in the court's findings in the Rule and Order of June 29, 1965, "that there are other parties interested in said parcel." The City concedes that all of the general taxes levied and assessed against the property have been paid. Only an assessment in the amount of $361.19 arising out of the creation of a local public improvement district remains unpaid. It is this assessment which the City seeks to recover in this proceeding.

The City, on June 5, 1968, three years after the withdrawal of the deposit by Klein, having discovered that the special assessments had not been paid, filed a motion to vacate the Rule and Order of June 29, 1965, and the Order of Distribution entered on June 30, 1965. On July 26, 1968, the trial court denied the motions to vacate both orders. The City then filed a motion to alter or amend only the Order of Distribution of July 26, 1968, conceding that the Rule and Order was properly entered. This latter motion was denied on September 6, 1968, and the City is here on writ of error challenging the court's ruling.

Although Klein participated in the proceedings leading up to the ruling appealed from, he has not appeared nor participated in this court.

The State Highway Department contends that having paid into the registry of the court the full amount ascertained to be the value of the land taken and the title having been transferred to the Department free and

clear of all liens by virtue of the terms of the Rule and Order, it cannot be required to, in effect, pay the taxes again. In support of its position, it cites *Capitol Managers v. Brasie,* 72 Colo. 153, 210 P. 63; *Fishel v. Denver,* 106 Colo. 576, 108 P.2d 236; and *Department of Highways v. Kelley,* 151 Colo. 517, 379 P.2d 386; also 1965 Perm. Supp., C.R.S. 1963, 137-2-11.

The rule of law enunciated by the above cited authorities may be summed up as follows:

██ In a condemnation proceeding when the condemnor pays the amount of the award for the condemned property into the registry of the court, the change of the form of the *res* from property to money does not affect the relative rights of the owner and other claimants in the *res.* Consequently, the State Highway Department discharged its obligation by the payment into court of the amount of the award, thereby relieving it of further responsibility. The judgment, so far as it relieves the Highway Department of liability, is affirmed.

The City, by virtue of the creation of the special improvement district, had a lien against Klein's property with a priority over all other liens except general tax liens. C.R.S. 1963, 89-2-19. Klein was charged with notice of the existence of the tax lien even though he was not served with a copy of the City's answer.

■ From what we have said above it follows that the City's tax lien was transferred, by operation of law, from Klein's real estate to the fund created by the payment of the award into court.

■ Inasmuch as the tax liability cannot be discharged without payment and the tax lien was impressed upon the fund, the City is entitled to follow the fund into the hands of Klein. By withdrawing the entire deposit, Klein became personally liable to the City for the amount of the taxes due up to the time title passed to the Highway Department.

The judgment of the trial court is affirmed, except as to the matter of the tax lien of the City; as to the latter, the cause is remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE ERICKSON not participating.