536 P.2d 832 (1975)
POUDRE SCHOOL DISTRICT R-1, a body corporate, Petitioner-Appellee and Cross-Appellant,
v.
Lee A. STARK and G. D. McGarvey, Respondents-Appellants and Cross-Appellees.
No. 73-430.
Colorado Court of Appeals, Div. I.
March 4, 1975.
Rehearing Denied March 25, 1975.
Certiorari Granted July 7, 1975.
*834 Harden & Napheys, Ralph B. Harden, Charles S. Bloom, Fort Collins, for petitioner-appellee and cross-appellant.
Fischer, Wilmarth & Hasler, G. William Beardslee, Gene E. Fischer, Fort Collins, for respondents-appellants and cross-appellees.
Selected for Official Publication.
BERMAN, Judge.
This appeal arises from an eminent domain proceeding instituted by Poudre School District (District) to acquire approximately nine acres of undeveloped land located in the City of Fort Collins and owned by Stark and McGarvey (respondents). In a proceeding conducted before a commission pursuant to § 38-1-101 et seq., C.R.S.1973 (C.R.S.1963, 50-1-1 et seq.), the property taken was valued at $41,860, and, being dissatisfied with that valuation, respondents appeal from the rule and order which adopted the commission's ascertainment awarding them that amount. The District cross-appeals from the judgment for costs awarded to respondents in the amount of $2,584.02. We affirm both judgments.

I.
The respondents' first contention is that the trial court erred in refusing to allow their expert witnesses to testify as to the probability of rezoning and in refusing to allow the commission to consider the effect of a probability of rezoning in ascertaining the fair market value of the subject property.
The measure of compensation is the fair market value of the condemned property at the time of taking, taking into consideration its highest and best future use. Board of County Commissioners v. Vail Associates, Ltd., 171 Colo. 381, 468 P.2d 842. The question presented by respondents involves the extent to which an expert witness may express his opinion on fair market value based on the highest and best use even though such use is not permitted by existing zoning regulations; in other words, what type of evidence and under what circumstances may evidence of probable rezoning be admitted for the jury or commission's consideration in determining present market value.
The law on this point is summarized in Lombard Park District v. Chicago Title & Trust Co., 103 Ill.App.2d 1, 242 N. E.2d 440, wherein the Illinois Court of Appeals stated:
"[I]t is proper to base value upon the highest and best use permittednot only under existing zoning limitations but also under other zoning limitations where there is a reasonable probability of the granting of such zoning in the near future. It is not proper, however, to present a witness as an expert solely to testify to the probability of a particular rezoning. Such `expertise' is not recognized by our courts.

. . . . . .
As to the rest of the expert witnesses' testimony: it is for the court to make the preliminary determination of whether there is sufficient evidence of a reasonable probability of rezoning to permit them to testify to market value based on such a probability. If so, it is for the jury to determine the weight to be given such expert's conclusions as to value based upon the reasonable probability of *835 such rezoning. If the court determines that the evidence falls short, as a matter of law, of showing any reasonable probability of rezoning within the reasonably near future, it must then exclude all such evidence and opinions of value based upon a use permitted only by the rezoning." (emphasis added)
In regard to the trial court's determination of whether there is a reasonable probability of rezoning within the reasonably near future, several factors are of significance. Among these are: Rezoning of nearby property, growth patterns, change of use patterns and character of neighborhood, demand within the area for certain types of land use, sales of related or similar properties at prices reflecting anticipated rezoning, physical characteristics of the subject and of nearby properties, and, under proper circumstances, the age of the zoning ordinance. Lombard Park District, supra.
At an in limine hearing held by the court for the purpose of determining whether evidence of a probability of rezoning within a reasonable time could be introduced before the commission, the following testimony was adduced: A real estate appraiser offered his opinion that there was a "pretty good chance of getting a higher zoning." A landscape architect with experience in land planning, testified that certain principles and criteria relative to land in other zoning classifications were applicable to the subject property.
However, one of the landowners testified that the property was acquired some ten years previously, that petitions had been sought from adjoining property owners with respect to an application for rezoning for a mobile trailer park, but that the application was withdrawn because of "resistance in the neighborhood." Upon cross-examination, the landowner testified that he had made no survey to determine the present attitude of the neighborhood with respect to rezoning. Further, a witness for the District, a real estate appraiser, testified that he had not considered the probability of rezoning in determining market value because he thought such rezoning was speculative. No witness offered any testimony with respect to when any rezoning might occur.
The trial court is vested with considerable discretion in determining the sufficiency of the evidence to establish a reasonable probability of a zoning change occurring within a reasonable time, Board of County Commissioners v. Vail Associates, Ltd., supra, and we find no abuse of that discretion here. Hence, the trial court was correct in refusing to allow expert testimony as to the probability of rezoning within a reasonable time, and in refusing to allow the commission to consider the effect of a probability of rezoning in ascertaining fair market value. Lombard Park District, supra.

II.
Respondents' second contention is that the rule and order should be set aside and a redetermination made because of misconduct on the part of the commission, and further, that the compensation is grossly inadequate as a matter of law.
In their motions for a new trial, respondents attached two affidavits, one by respondent Stark, and one by Gene E. Fischer, their attorney. These affidavits, in essence, allege that the commission engaged in misconduct by making its own investigation and appraisal with the result that it valued the land taken at $500 less per acre than any of the values testified to by the expert witnesses.
Respondents relying upon Routt County Development Co. v. Johnson, 23 Colo.App. 511, 130 P. 1081, urge that the action of the commission requires that the ascertainment be set aside and that a new hearing be held on the value of the property taken. We disagree.
In Routt County Development Co., supra, the misconduct of the commission was clearly shown on the face of the report which it submitted in connection with its ascertainment. Here, respondents *836 have failed to include the certificate of ascertainment and assessment in the record and there is a presumption that it was correct. See Hinshaw v. Dyer, 166 Colo. 394, 443 P.2d 992; Laessig v. May D & F, 157 Colo. 260, 402 P.2d 183.
Although a commission in this type of proceeding is not a jury, see Board of County Commissioners v. Vail Associates, Ltd., supra, we hold that the same rule applies with respect to impeachment of a certificate of ascertainment and assessment. In seeking the impeachment of the verdict of a juror, the rule is that the grounds therefor "should be evidenced by the juror's own account under oath, either by affidavit or on the stand, and not by hearsay statements of others as to his account." 8 J. Wigmore, Evidence § 2354 (J. McNaughton rev. ed. 1961).
As to respondents' claim that the award is inadequate as a matter of law, there was expert testimony valuing the land for as little as $27,000 and for as much as $110,000. One respondent testified that the value of the land was $231,564.96. Under such circumstances, where "[c]ompetent evidence in the record fixes the value both higher and lower than found by the [commission,]" its finding will be sustained. Denver v. Minshall, 109 Colo. 31, 121 P.2d 667.

III.
Respondents also contend that the trial court erred in refusing to strike the valuation testimony of the District's expert. Noting that his valuation was by the comparable sales method, respondents contend that it should have been stricken because the witness had not personally verified all the comparable sales he utilized, as is required by § 38-1-118, C.R.S.1973 (C. R.S.1963, 50-1-21).
At the trial, the District offered into evidence a summary tabulation of sales of raw land that had subsequently been developed into subdivisions. This exhibit consisted of all the comparable sales and the selling prices used by its expert, including those not personally verified by him, in arriving at his opinion as to the market value of the property. Those sales not personally verified by him were, at his direction, verified by his associate who subsequently testified to this effect. Respondents did not object to the introduction of this exhibit. On direct examination, the witness gave his testimony, based on the exhibit, regarding the sales involved and their respective values.
Having been admitted without objection, the exhibit was properly before the commission for its consideration, and it was not error to permit the witness to testify as to the contents of such exhibit, Keith v. Wells, 14 Colo. 321, 23 P. 991, nor to permit the witness to base his opinion testimony thereon.

IV.
Respondents' final contention is that the trial court erred in refusing to give their tendered instruction. The pattern jury instruction (Colorado Jury Instructions 26:5) was given. It included the following clause:
"Damages may not be allowed which result from the use of the property by Petitioner for the construction and operation of a public school even though a decrease in the reasonable market value of the residue may result."
Respondents' tendered instruction proposed the deletion of this clause.
It is generally recognized that damages may not be recovered because of depreciation in the value of nearby property resulting from the construction of a public building in the vicinity. Gayton v. Department of Highways, 149 Colo. 72, 367 P.2d 899; and see 26 Am.Jur.2d Eminent Domain § 163; see also Richert v. Board of Education, 177 Kan. 502, 280 P.2d 596; Annot., 48 A.L.R. 1031. There was testimony at the hearing with respect to the diminution in the value of the residue resulting from the construction of the school building, *837 and, absent the above instruction, the commission might have considered such diminution to be compensable. We find no error in the instruction as given by the court.

Cross-Appeal
The District contends that the trial court erred in taxing costs for the expert witness fees for preparation and testimony at the in limine hearing which was held to determine whether the commission would be allowed to consider the probability of rezoning. A landowner is entitled to be compensated for expenses reasonably and necessarily incurred by reason of a condemnation proceeding. Department of Highways v. Kelley, 151 Colo. 517, 379 P. 2d 386. The expenses with respect to the witnesses at the in limine hearing were reasonable and necessary and properly taxable against the District.
Judgments affirmed.
ENOCH and STERNBERG, JJ., concur.