Richard T. Spriggs Chief Deputy District Attorney Second Judicial District West Side Court Building 924 West Colfax Avenue Denver, Colorado 80204
Dear Mr. Spriggs:
On April 5, 1979, you requested my opinion concerning allocation of liability for costs of transporting federal prisoners for state prosecution. The two federal prisoners for whose transportation your office was recently billed, Robert Zake and Ernest Rodriquez, were transported by federal marshalls by requirement of the federal wardens having custody of these prisoners.
QUESTION PRESENTED AND CONCLUSION
1. How shall the expense of transferring federal prisoners for state prosecution be allocated?
 My conclusion is that if transfer under 18 U.S.C. § 4085 is not available, then the expense of transportation must be borne by the state court
ANALYSIS
There are three formal means of obtaining federal prisoners for state prosecution:
 1. by writ of habeas corpus ad prosequendum, C.R.S. 1973, 13-45-119; or
 2. pursuant to the Agreement on Detainers, to which both Colorado, C.R.S. 1973, 24-60-501 et seq., and the United States, 18 U.S.C. App., are parties; or
 3. by provision of 18 U.S.C. § 4085, which permits the Attorney General of the United States, "if he finds it in the public interest to do so," to transfer a federal prisoner at federal expense for purposes of state trial.
These three bases for transfer are alternative. 18 U.S.C. § 4085(b);see generally United States v.Mauro, 436 U.S. 340 (1978).
If transfer under 18 U.S.C. § 4085 is unavailable, the state may be required to bear the expense of transporting the prisoner. The Agreement on Detainers, C.R.S. 1973, 24-60-501, Art. 5(h), specifically provides that the state receiving custody of the prisoner, or its appropriate subdivision, shall pay the cost of transporting the prisoner unless the party jurisdictions otherwise agree. Paragraph (a) of article 5 also provides that "(i)n the case of a federal prisoner, the appropriate authority in the receiving state shall be entitled to temporary custody as provided by this agreement or to the prisoner's presence in federal custody at the place for trial, whichever custodial arrangement may be approved by the custodian."
Where the prisoner is produced pursuant to a state writ of habeas corpus ad prosequendum, the federal warden, pursuant to his general responsibility for safekeeping of federal prisoners, see18 U.S.C. § 4042, likewise may opt to produce the prisoner in the custody of federal marshalls.
In either such case, the transportation costs must be paid by the state or some division thereof. It is my opinion that this expense is properly payable by the state court system as a cost of prosecution pursuant to C.R.S. 1973, 16-18-101(1), which provides that "(t)he costs in criminal cases shall be paid by the state pursuant to section 13-3-104, C.R.S. 1973 (providing for state funding of the court system), when the defendant is acquitted or when the defendant is convicted and the court determines he is unable to pay them."
The cost of transporting a prisoner for prosecution is a cost to the state, C.R.S. 1973, 16-18-101, rather than an expense incurred by the prosecutor in the discharge of his duties, payable by the counties of his judicial district, C.R.S. 1973,20-1-302, 303. Although these applicable statutes fail to define "costs" or "expenses" chargeable respectively to state funds or to county funds, the general rule is that costs chargeable to a criminal defendant (or, under Colorado statute, alternatively assessable against the state), are those necessarily incurred in his prosecution, but not those related to the general costs of the administration of justice. Annot., 65 A.L.R.2d 861, section 2 (1959). See generally 20 Am.Jur.2d, Costs sections 100-112. Marshall's and sheriff's fees, including the expenses of arrest, are such costs so taxable against the defendant or the state. Annot., supra, section 13(a)(c).
Moreover, Colorado case law has defined costs as those expenses "necessarily incurred by reason of the litigation,"Department of Highways v. Kelley, 151 Colo. 517,379 P.2d 386 (1963), and has established that C.R.S. 1973,16-18-101, directing state payment of costs for prosecution of an indigent defendant, "refers to all costs that are incurred by the People in the prosecution of a criminal case,"People v. McCabe, 546 P.2d 1289, 1291 (Colo.App. 1976) (selected) (emphasis added).
SUMMARY
The cost of transporting a federal prisoner for the purpose of state prosecution is clearly a cost necessary to and incurred by that prosecution. Thus federal marshalls' costs billed to the state are payable by the state court system pursuant to the authority cited in this opinion.
Very truly yours,
 J.D. MacFARLANE Attorney General
PRISONERS HABEAS CORPUS COSTS EXPENSES
C.R.S. 1973, 16-18-101
C.R.S. 1973, 24-60-501, art. 5 C.R.S. 1973, 13-45-119
DISTRICT ATTORNEYS DEPT. Denver DA
Costs of transporting federal prisoners for state prosecution purposes must be borne by the state, unless those prisoners are transferred pursuant to 18 U.S.C. § 4085.