**CITY OF COLORADO SPRINGS,**
Petitioner-Appellant,

v.

**E. Enalls BERL, II, Thomas Waggaman, III, Burton I. Petri, Beth Petri, Haley Realty & Ins. Agency, Inc., Max Uhler, Mary Jo Smith, W.E. Davis, Faith David, Neville Bonis, K. Bonis, Charles Morrison, Christine Carey, Pete Montoya, Pinio Garcia, James Brooks, Inez Davis, and Sharon Shipley, Treasurer of El Paso County, Colorado, Respondents-Appellees.**

No. 81CA1286.

Colorado Court of Appeals,
Div. III.

Oct. 28, 1982.

Rehearing Denied Nov. 26, 1982.

Jackson L. Smith, James G. Colvin, II, Colorado Springs, for petitioner-appellant.

C. Lee Goodbar, Jr., Sari S. Escovitz, Colorado Springs, for respondents-appellees.

PIERCE, Judge.

In this condemnation of real property proceeding, petitioner, City of Colorado Springs (City), appeals the trial court's award of costs of suit under C.R.C.P. 54(d) to the respondents. The costs at issue concern the charges for appraisals of the real property. We affirm.

The City argues the trial court's order assessing costs of these appraisals against the City violates § 38–1–121, C.R.S.1973, (1981 Cum.Supp.), because respondents did not submit copies of the appraisals to the City. We disagree.

This statute, which is not mandatory, contemplates and is designed to facilitate negotiations and settlement between parties involved in condemnation proceedings. It does not apply to the award of costs pursuant to C.R.C.P. 54(d). The trial court correctly stated an owner of the property "may" submit copies of appraisals to the condemning authority within 90 days of the date notice of intent to acquire interest in property is given. If the owner chooses not to submit appraisals prior to trial, but does so as evidence during trial, such costs are correctly viewed as expenses necessarily incurred by reason of the litigation. *See Department of Highways v. Kelley,* 151 Colo. 517, 379 P.2d 386 (1963).

In condemnation proceedings the landowner is entitled to compensation for all reasonable costs incurred. To require the landowner to pay costs would reduce the "just compensation" for the taking which is guaranteed by our constitution. Expenses necessarily incurred by reason of the litigation are correctly viewed as such costs. *Colo.Const.* Art. II, Sec. 15; *DURA v. Hayutin,* 40 Colo.App. 559, 583 P.2d 296 (1978). Section 38–1–101 et seq., C.R.S. 1973, works to insure an owner "just compensation" in the event a taking occurs. Therefore, the trial court did not err in awarding costs to respondents under C.R.C.P. 54(d).

The judgment is affirmed.

KELLY and KIRSHBAUM, JJ., concur.